IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| ANTHONY CRAIG WEIMER,<br><br>Petitioner,<br><br>vs.<br><br>ERIC STRAUSS,[1] DIRECTOR OF<br>THE MONTNA DEPARTMENT OF<br>CORRECTIONS; AUSTIN<br>KNUDSEN ATTORNEY GENERAL<br>OF THE STATE OFMONTANA,<br><br>Respondents. | Cause No. CV 25-143-M-SPW<br><br><br><br>ORDER |

On September 29, 2025, Anthony Craig Weimer ("Weimer") filed a petition

seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Subsequently,

Weimer was directed to show cause as to why claims contained within his petition

should not be dismissed as procedurally defaulted. (Doc. 3.) Weimer timely

responded. (Doc. 8.) The State was then ordered to answer. (Doc. 9.) After two

brief extensions, the State filed its response to Weimer's petition. (Doc. 18.) In

the interim, Weimer filed a motion for release and brief in support. (Doc. 15 &

_____

[1] As pointed out by Respondents, Brian Gootkin, Director of the Montana Department of
Corrections ("DOC"), was initially named by Weimer as a Respondent, but he no longer serves
in that capacity. The new Director of the DOC is Eric Strauss. Accordingly, the Clerk of Court
will be directed to amend the docket accordingly.

1

16.)

As a basis for his request for release, Weimer asserts that unusual delay has occurred throughout his appeal process and that he has a high probability of success. Additionally, Weimer asserts that if bail is denied, he will have served all, if not nearly all, of his underlying sentence. *See generally*, (Doc. 15.) Respondents oppose Weimer's motion for release. (Doc. 18.)

Weimer also requests that he be given an extension of time until May 14, 2026, within which to file his reply to Respondents' Answer. (Doc. 21.)

Respondents correctly assert that there is no concrete authority to permit a federal court to release a habeas petitioner prior to the resolution of the proceedings. The Ninth Circuit has not decided whether a federal court has the authority to release a state prisoner on bail while a habeas petition is pending. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001) (per curiam); *see also, United States v. McCandless*, 841 F. 3d 819, 822 (9th Cir. 2016), *cert denied*, 137 S. Ct. 2265 (2017) (declining to resolve whether a district court has authority to release a federal prisoner pending initial resolution of his § 2255 habeas petition). But assuming it does, "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989) (per curiam).

As set forth above, the Answer to Weimer's petition has been filed and

Weimer now seeks additional time to file his reply.  Weimer is presently incarcerated at the Tallahatchie County Correctional Facility, and it appears that the mail processing there tends to be slow.  *See*, (Doc. 21 at 2.)  Weimer has not yet received a copy of the State's answer, and he needs additional time to prepare his response.  Thus, to the extent that any delay has occurred in these proceedings, it certainly has not been unusual.  Moreover, Respondents argue that Weimer has not met his burden of demonstrating a high probability of success. *See*, (Doc. 18 at 4-5.)  The Court concurs.

Despite his assertions to the contrary, Weimer has not established that either extraordinary circumstances or a high probability of success exists. There is nothing to warrant consideration of pre-decision release at this time. There does not appear to have been any unreasonable delay.  This case does not approach the very high standard set by *Roe* and *Land*.  Release is not appropriate, on recognizance, or on any other basis at this time.

Based on the foregoing, the Court enter the following:

## ORDER

1. Weimer's motion for release (Doc. 15) is DENIED.

2. Weimer's motion for extension of time (Doc. 21) is GRANTED.  Weimer shall file his reply on or before **May 14, 2026**.

3. The Clerk of Court is directed to amend the docket to replace Respondent

Brian Gootkin, Director of the Montana Department of Corrections, with Eric Strauss.

Weimer must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 23rd day of March, 2026.

Susan P. Watters
United States District Court Judge